UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 18-075-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ANDRE STACKHOUSE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Defendant Andre Stackhouse has filed a motion for compassionate release or a sentence reduction pursuant to 18 U.S.C. 3582(c).  [Record No. 37] He contends that the "the COVID-19 pandemic and his underlying health conditions" constitute extraordinary and compelling reasons for the relief sought.  [*Id.* at pp. 10-11] However, the United States argues that "Stackhouse has failed to offer evidence that the Bureau of Prisons ["BOP"] cannot, and have not, managed his conditions" within his facility of incarceration.  [Record No. 42]

Stackhouse pleaded guilty on September 7, 2018, to knowingly and intentionally possessing with intent to distribute 100 grams or more of a mixture or substance containing heroin in violation of 21 U.S.C. § 841(a)(1); knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and possessing a firearm following a felony conviction in violation of 18 U.S.C. § 922(g)(1).  [Record No. 15]  He was later sentenced to a total term of imprisonment of 190 months, to be followed by an eight-year term of supervised release.  [Record No. 24]

When a defendant files a motion for compassionate release, the Court must determine whether the "three substantive requirements for granting relief" contained in 18 U.S.C. § 3582(c)(1)(A) are satisfied.[1]  *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).  To grant relief, the Court must find: (1) "that 'extraordinary and compelling reasons' warrant a reduction"; (2) "that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission"; and (3) "that the § 3553(a) factors, to the extent they apply, support the reduction."  *United States v. Brummett*, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020).  However, the Court "may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking. . . ."  *United States v. Ellias*, No. 20-3654, --- F.3d ---, 2021 WL 50169 (slip op. at 4) (6th Cir. Jan. 6, 2021).

Here, Stackhouse has failed to demonstrate an extraordinary and compelling reason for a sentence reduction.  He invokes this Court's "full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13."  *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).  In addition to his medical conditions, he alleges that various failures on the part of the BOP to contain the spread of COVID-19 within the prison system constitute reasons for a reduction.  [Record No. 37, pp. 12-15]

United States Sentencing Guidelines § 1B1.13 contains a policy statement defining circumstances that constitute extraordinary and compelling reasons for a sentence reduction.  However, because § 3582(c) was amended after the application notes were promulgated, the

---

[1]     Stackhouse's motion is procedurally proper.  "[A]n imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier."  *Jones*, 980 F.3d at 1105.  Stackhouse provided a denial from the warden of his facility dated May 1, 2020, and the United States concedes that he has exhausted his administrative remedies. [Record Nos. 37-1, p. 3; 42, pp. 3-4]

Court is no longer precluded from defining circumstances warranting relief that are not contained in the application notes. *See Jones*, 980 F.3d at 1108-11. Nevertheless, the undersigned believes that the application notes provide a useful starting point to analyze a defendant's asserted justifications for release. *See United States v. Abney*, 2020 WL 7497380, at *2 (E.D. Ky. Dec. 21, 2020). Under the policy statements, a defendant's medical condition may justify a reduction where:

> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
> > (I) suffering from a serious physical or medical condition,
> > (II) suffering from a serious functional or cognitive impairment, or
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 n. 1(A). "Under this definition, an inmate must demonstrate a medical condition so serious that it cannot be adequately addressed in BOP custody." *Abney*, 2020 WL 7497380, at *2.

Stackhouse relies on a heart condition, diabetes, hypertension, and obesity as conditions that allegedly entitle him to relief. [Record No. 37, pp. 10-11] These conditions, particularly Stackhouse's coronary artery disease, are serious. But as the United States contends and Stackhouse's medical records confirm, these conditions have been adequately managed and treated by the BOP. [*See* Record No. 44.] The records detail periodic adjustments to his diabetes treatment, prescriptions to control his hypertension, and a surgical procedure to evaluate the severity of his heart condition. [*See* Record No. 44-1.] Additionally, as of July

- 3 -

2020, his complaints regarding the heart condition had been addressed to his satisfaction. [*Id.* at p. 10] Stackhouse does not contend that these conditions render him unable to care for himself while incarcerated. Thus, the Court concludes that his medical conditions are not an extraordinary and compelling reason for a sentence reduction.

Moreover, Stackhouse's COVID-19 concerns do not elevate these otherwise-manageable conditions into reasons for a sentence reduction. He is correct that he is among a high-risk category for severe COVID-19 infection.[2] Additionally, there are documented infections at the Federal Correctional Institution, Ashland, his facility of incarceration.[3] But Stackhouse does not allege that he has been exposed, infected, or treated for COVID-19. Thus, the extraordinary and compelling reason he urges is a fear of future infection based only on the presence of the virus in his facility. *See United States v. Watts*, 2020 WL 6937442, at *3 (E.D. Ky. Nov. 24, 2020) ("[T]hese are not the kind of concerns that justify compassionate release.").

Stackhouse argues that these fears are not speculative because "there is no widespread testing within the facility, very little social distancing, and extremely limited access to cleaning supplies and soap." [Record Nos. 37, p. 13; 37-2, pp. 1-2] These assertions are disputed by

---

[2]     *See People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (updated Dec. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3]     FCI Ashland has a total population of 957 inmates. *See FCI Ashland*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/ash/ (last accessed Jan. 8, 2021). As of January 7, 2021, twenty-two inmates and twenty staff were infected with COVID-19, and over 336 inmates and thirty staff had recovered. Tragically, six inmates at FCI Ashland had succumbed to the virus. *Covid-19 Coronavirus*, FEDERAL BUREAU OF PRISONS (updated Jan. 7, 2021), https://www.bop.gov/coronavirus/.

the BOP's public statements regarding its mitigation efforts at FCI Ashland,[4] and its efforts to slow the spread of COVID-19 appear to have been effective.  In recent weeks, FCI Ashland's inmate and staff positivity numbers have decreased over 70% from 133 infections on November 19, 2020,[5] to 42 infections on January 7, 2021.  Stackhouse himself was tested and required to quarantine due to his heart operation.  [Record No. 44-1, pp. 28, 117] Thus, the Court agrees with the government that "FCI Ashland seems to be managing potential outbreaks of COVID-19."  [Record No. 42, p. 8]

However, even if the Court were inclined to accept Stackhouse's asserted justifications for a reduction, the 18 U.S.C. § 3553(a) factors weigh against a reduction.  The offense Stackhouse committed was serious.  *See* 18 U.S.C. 3553(a)(1).  He was arrested with a very large quantity of dangerous narcotics that he admitted to distributing, and he possessed a firearm.  Further, he has a lengthy criminal history demonstrating a recidivist character.  *See id.*  As counsel stated prior to sentencing, it is impossible for the Court to "overlook the voluminous contact with the law that Mr. Stackhouse has had beginning at the age of 14." [Record No. 19, p. 2]

Stackhouse argues that his recent efforts at rehabilitation and his release plan should alter the Court's original § 3553(a) analysis.  [Record No. 37, pp. 15-17]  While the Court

---

[4]    *See* Henry Cuvlyhouse, *Officials Handling COVID Outbreak at FCI*, THE DAILY INDEPENDENT, (Updated Nov. 22, 2020), *https://www.dailyindependent.com/news/officials-handling-covid-outbreak-at-fci/article_bf535f1e-2cf1-11eb-834e-c7b3dfe0c7ac.html* ("A press release issued Thursday by the BOP states inmates are undergoing mass testing at the prison, as well as assessments of symptoms.").

[5]    *See* Joe Fitzwater, *177 New Cases of COVID-19 in Boyd County*, CBS 13 WOWKTV, (Updated Nov. 19, 2020), https://www.wowktv.com/news/health/coronavirus/coronavirus-in-kentucky/177-new-cases-of-covid-19-in-boyd-county/.

would likely find these efforts admirable, Stackhouse has not provided evidence of any the courses he allegedly completed.  And even if he had, the recent efforts would not change the fact that Stackhouse's sentence continues to be necessary to reflect the seriousness of his offense, deter him and others from future criminal conduct, and protect the public from future criminal activity.  Therefore, Stackhouse has not shown that he has met any of the requirements for relief under § 3582(c).

Accordingly, it is hereby

**ORDERED** that defendant Andre Stackhouse's motion for compassionate release or a sentence reduction [Record No. 37] is **DENIED**.

Dated: January 8, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

- 6 -