UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 18-075-DCR |
| V. | ) ) | |
| ANDRE STACKHOUSE, | ) ) | **MEMORANDUM ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Andre Stackhouse has filed a motion seeking appointment of counsel to pursue compassionate release or a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Record No. 62] He contends that his medical conditions present an extraordinary and compelling justification for relief, and the complexity of the legal issues surrounding the request warrant the appointment of counsel. [*Id.*]

"[E]very federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings." *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021) ("We now join these courts."); *see id.* n.2 (collecting cases). Instead, this determination is left to the sound discretion of the Court. In exercising this discretion, the Court considers several factors including the factual or legal complexity of the issues raised and the defendant's ability to adequately present his claim.

Stackhouse seeks appointment of counsel so that he may pursue a second petition for compassionate release.[1] The instant motion, however, raises essentially the same factual and legal arguments that were considered in the defendant's previous motion for compassionate release (*i.e.*, that the BOP cannot adequately address Stackhouse's complex medical needs). If anything, Stackhouse's argument is even more straightforward this time around because his prior petition implicated the legal complexities surrounding the then-ongoing COVID-19 pandemic.

The Court does not find that Stackhouse's claim raises particularly complex issues of fact or law. Furthermore, Stackhouse's motion for the appointment of counsel clearly demonstrates that he is capable of adequately articulating the argument supporting his motion. Therefore, appointing counsel in this matter would be an imprudent use of judicial resources.

Accordingly, it is hereby **ORDERED** that defendant Andre Stackhouse's motion for appointed counsel [Record No. 62] is **DENIED**.

Dated: January 26, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

---

[1] While technically his third, a *pro se* motion filed in April 2020, was denied for failing to exhaust his administrative remedies. [Record No. 33] In that motion, Stackhouse argued that his race and underlying medical conditions made him more susceptible to death from COVID-19.